IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COTY JAMES MORRISON                                                                                          PLAINTIFF

V.                                              CIVIL NO. 4:12-cv-04084

WARDEN MARTY BRAZELL;
and CAPTAIN STEVE HARTLINE                                                                             DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff Coty Morrison pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Corrections East Arkansas Regional Unit in Brickeys, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Plaintiff' Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (ECF No. 6) and the issue of preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

In his Amended Complaint, Plaintiff alleges, while incarcerated at the Miller County Detention Center ("MCDC") he was not allowed to shower or have recreational time out of his cell for eight days. Specifically, plaintiff claims that he was placed on suicide watch on June 14, 2012.

1

ECF No. 5, pp. 4-5. On that day, Plaintiff was placed in the "psych cell." ECF No. 5, p. 5. The "psych doctor" released Plaintiff from suicide watch on June 19, 2012 but Plaintiff was not released from the "psych cell" until June 22, 2012. ECF No. 5, p. 5. During this eight days, Plaintiff was not allowed to shower or have recreational time outside his cell. ECF No. 5, p. 5. Plaintiff requests relief for his mental and physical pain and suffering, however, Plaintiff does not allege any physical injury he suffered. ECF No. 5, pp. 4-5.

The Court issued Plaintiff an Addendum to aide Plaintiff in providing the Court with more information on his claims. Plaintiff returned the completed Addendum on January 17, 2013. ECF No. 10. In the Addendum, Plaintiff explained the alleged policy and/or custom of Miller County that violated his constitutional rights as:

> I was placed in the psych cell and was not allowed personal hygiene or recreational for 8 days straight this was unlawful and cruel unusual punishment I also was without a mattress and proper state issue after I was taken off suicide watch.

ECF No. 10, p. 2 (errors in original). Plaintiff also explained, in his Addendum, the role of each Defendant in denying him a shower and recreational time for eight days. According to Plaintiff, Defendant Brazell advised the MCDC officers not to allow Plaintiff to shower or have recreational time. ECF No. 10, p. 2. Plaintiff also claims Defendant Hartline "was involved on me not getting proper showers, rec, etc." ECF No. 10, p. 3. Lastly, Plaintiff claims he was treated like an animal at the MCDC and that treatment "messed with [him] emotionally and mentally and [physically]." ECF No. 10, p. 3.

## II. LEGAL STANDARD

In reviewing Plaintiff's IFP Motion, there is a two step process followed by the Court: (1) determine whether Plaintiff's economic status satisfies section 1915(a) requirements and, if it does,

grant the Motion; unless (2) the Court determines the cause of action stated in Plaintiff's Amended Complaint is frivolous or malicious. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). If the cause of action stated in the Amended Complaint are frivolous or malicious then the Amended Complaint must be dismissed. *Id.* In the second step of this process, pursuant to the screening provisions of the Prison Litigation Reform Act, the Court must determine whether the causes of action stated in Plaintiff's Amended Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**III.    DISCUSSION**

In his IFP Motion, Plaintiff states he receives funds into his inmate account from family. The records from the Arkansas Department of Correction show his monthly balance averages about thirty-six dollars ($36). The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status. However, the Court will not grant Plaintiff's IFP Motion because Plaintiff's claims are frivolous and fail to state claims upon which relief may be granted.

Plaintiff alleges that Defendants ordered officers not to allow Plaintiff out of his cell or to shower and this action was cruel and unusual punishment. ECF No. 10, pp. 2-3.

3

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)(citation omitted).

A convicted prisoner, such as Plaintiff, alleging an Eighth Amendment violation must prove both an objective and subjective element to his claim. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004)(*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

The Court construes Plaintiff's claim that Defendants did not allow him out of his cell for eight days as one for lack of exercise. A constitutional violation exists if Defendants were deliberately indifferent to Plaintiff's exercise needs. *See Wishon v. Gammon,* 978 F.2d 446, 449

4

(8th Cir. 1992). Factors the Court should consider in reviewing Plaintiff's lack of exercise claim are: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement. *Id*.

Plaintiff offered no facts regarding the availability of recreation or exercise within his cell or the size of his cell. Plaintiff did however, indicate he had no opportunity to be outside of his cell for the duration of eight days, and the length of time Plaintiff was subjected to the harsh conditions is a critical factor in analyzing whether his constitutional rights were violated. *See Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996). The Eighth Circuit has held fifteen days with no out-of-cell exercise is not cruel and unusual punishment. *Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir. 1986). Therefore, the length of time Plaintiff was deprived of out-of-cell recreation or exercise—eight days—simply does not rise to level of a constitutional violation. Accordingly, Plaintiff's has failed to state a claim upon which relief can be granted regarding his lack or out-of-cell recreation or exercise.

Plaintiff also claims Defendants denied him a shower for eight days. "The Constitution does not mandate comfortable prisons and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis for an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 295 (1991) (internal quotations and citations omitted). Inmates are, however, entitled to "reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989). As stated above, the length of time Plaintiff was subjected to the harsh conditions is a critical factor in analyzing whether his constitutional rights were violated. *See Smith,* 87 F.3d at 269.

Here, Plaintiff was denied showering privileges for eight days. While the Eighth Circuit has not addressed the denial of a shower for a length of time similar to the one here, other District Courts have held such a denial does not violate the Eighth Amendment. *See Abernathy v. Perry,* 896 F.2d 1146, 1149 (8th Cir. 1989) (held limiting showers to twice a week does not violate the constitution); *see e.g., Johnson v. Norris*, Civil No. 08-cv-00052, 2008 WL 2952015, at *2 (E.D. Ark. July 29, 2008) (denying an inmate on suicide watch a shower for eight days did not violate the Eighth Amendment); *Jones v. Houston,* Civil No. 06-cv-03314, 2007 WL 3275125, at *8 (D. Neb. Nov. 2, 2007) (denial of shower privileges for thirteen days did not violate the Eighth Amendment). The Court finds this authority persuasive and finds Plaintiff's denial of shower claim fails to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 6) be **DENIED** and the Amended Complaint (ECF No. 5) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of March 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE